IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WENDELL EASON                                                          PLAINTIFF

vs.                                        Civil No. 4:09-cv-04123

MICHAEL J. ASTRUE                                        DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Wendell Eason ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. <u>Background</u>:**

Plaintiff filed his applications for DIB and SSI on June 22, 2007. (Tr. 82-94). Plaintiff alleged he was disabled due to a back injury with three ruptured discs. (Tr. 122). Plaintiff alleged an onset date of July 26, 2006 which was later amended to February 28, 2007. (Tr. 26). Plaintiff's

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

applications were denied initially on August 14, 2007, and were denied at the reconsideration level on October 10, 2007. (Tr. 40-50, 56-59).

On October 21, 2007, Plaintiff requested an administrative hearing on his applications. (Tr. 60). This hearing was held on March 4, 2009 via video conference in Little Rock, Arkansas, and Texarkana, Arkansas. (Tr. 22-39). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") William Delmore testified at this hearing. *See id*. On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had a 9th grade education. (Tr. 25).

On June 8, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-16). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 26, 2006. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the severe impairment of degenerative disc disease with spondylosis and chronic pain. (Tr. 15, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 11-14). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible. (Tr. 14). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform work at the light work activity level, which involves lifting no more than twenty pounds at a time with frequent lifting or carrying objects weighing ten pounds. (Tr. 15, Finding 7).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 15, Findings 6, 11). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr.33-34, 38-39). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as a crew truck driver and forklift operator. (Tr. 15). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform his PRW. (Tr. 15, Finding 6).

The ALJ used Medical-Vocational Guidelines Rule 202.18 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. See 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.18. The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time from June 7, 2007 through the date of his decision. (Tr. 16, Findings 11,12).

On June 18, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On October 29, 2009, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On November 13, 2009, Plaintiff filed the present appeal. ECF No. 1. The parties consented to the jurisdiction of this Court on November 30, 2009. ECF No. 5. Both parties have filed appeal briefs. ECF Nos. 8, 9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination, (B) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, and (C) the ALJ erred in his evaluation of Plaintiff's subjective complaints. In response, Defendant argues: (A) the ALJ properly determined the Plaintiff's RFC, (B) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, and (C) the ALJ properly considered Plaintiff's subjective complaints.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff had the RFC to perform work at the light work activity level, which involves lifting no more than twenty pounds at a time with frequent lifting or carrying objects weighing ten pounds. (Tr. 15, Finding 7). Plaintiff claims substantial evidence does not support the ALJ's RFC determination. Plaintiff relies on the opinions of treating physicians Dr. Jeffrey DeHaan and Dr. James Arrington in support of his position that the ALJ erred in his RFC determination. ECF No. 8, Pgs. 3-7, 15-16. Defendant argues substantial evidence supports the ALJ's RFC decision. ECF No. 9, Pgs. 3-6.

Social Security Regulations and case law state a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical

assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Dr. Jeffrey DeHaan examined Plaintiff on January 23, 2008 for complaints of back pain. (Tr. 260). According to Dr. DeHaan Plaintiff had quite a bit of back pain and a positive straight leg raise on the left. (Tr. 260). Dr. DeHaan ordered an MRI exam and gave Plaintiff a prescription for Loratab. (Tr. 260). On February 5, 2008 Plaintiff underwent an MRI exam of his lumbar spine which showed a broad-based disc bulge at the L4-5 level of his lumbar spine. (Tr. 261).

Plaintiff returned to see Dr. DeHaan on February 13, 2008 following his MRI exam. According to Dr. DeHaan Plaintiff had a broad based disc at L4-5, which may be causing some mild stenosis in the neural foramen. (Tr. 260). Dr DeHaan indicated a surgical fusion may be needed but Plaintiff wanted to wait on surgery and be treated conservatively. (Tr. 260). The ALJ made no reference in his decision of Dr. DeHaan and his recommendation for surgery. (Tr. 10-16). The opinions of Dr. DeHaan would certainly contradict the ALJ's RFC decision and it was error for the ALJ not to discuss these opinions in his decision.

On June 23, 2009, Plaintiff's treating physician Dr. James Arrington completed a Physical RFC Evaluation. (Tr. 298-301). Dr. Arnington had treated Plaintiff on a regular basis since August 2006. (Tr. 196-209, 255-259, 272-286, 297-302). According to Dr. Arrington's Physical RFC Evaluation, Plaintiff would require complete freedom to rest frequently without restriction. (Tr. 298). Plaintiff was also restricted from carrying anything above 10 lbs. (Tr. 299). Dr. Arrington also placed restrictions on Plaintiff's ability to stoop, crawl, climb, balance, kneel, and reach above

7

head. (Tr. 300). These findings were not discussed by the ALJ in his decision.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physicians Dr. DeHaan and Dr. Arrington. Because the ALJ did not properly review the opinions of Plaintiff's treating physicians, this case should be reversed and remanded for proper review and analysis the opinions of Dr. DeHaan and Dr. Arrington. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to 20 C.F.R. § 404.1527(d)(2) must be performed.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **16th day of February, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8